IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| SARI BLOCH, ) | Case No. 25-10133-LSS |
| ) | |
| Debtor. ) | (Chapter 13) |
| ) | |

**MOTION TO ALTER OR AMEND ORDER DISMISSING CASE TO IMPOSE BAR ON REFILING FOR TWO (2) YEARS FOR CIVIL CONTEMPT AND TO EXTEND APPLICATION OF 11 U.S.C. § 362(C)(4) COEXTENSIVELY FOR WILLFUL VIOLATION OF ORDER DISMISSING PRIOR CASE UNDER 11 U.S.C. § 109(G)(1)**

Gary Rosen, Chapter 7 Trustee of the Bankruptcy Estate of Kempes Jean and Lori Lee Jean (the "Chapter 7 Trustee"), a creditor herein, by and through his undersigned counsel, joined by creditors Kempes Jean and Lori Lee Jean ("the Jeans"), by their undersigned counsel (collectively "Movants"), hereby move to amend this Court's *Order Dismissing Case of Ineligible Debtor*, [Dkt. #8], to include a two (2) year bar on refiling for relief under Title 11 of the United States Code by voluntary or involuntary petition and to extend the application of 11 U.S.C. § 362(c)(4) coextensively as a sanction for willful civil contempt as to the Order previously dismissing Case No. 24-17215 with a bar on refiling herein for one (1) year under 11 U.S.C. § 109(g)(1), as provided for by Fed. R. Bankr. P. 59(e)[1]. In further support of this motion, Movants state as follows:

---

[1] The United States Court of Appeals for the Fourth Circuit has recognized the following three grounds for amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir.1994) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)). In conformity with Fed. R. Civ. P. 59, a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." *Marie v. Allied Home Mortgage Corp.*, 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). Further, a "manifest injustice" is defined as an "error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds;" while the term "manifest error" is an "error that is plain and indisputable, and that amounts to a complete disregard

1.  The Debtor, Sari Bloch a/k/a Sari Karson Kurland, is a well-known, erstwhile bankruptcy lawyer with decades of experience as a practitioner in this Court. She is a party-defendant in an adversary proceeding alleging professional malpractice filed in this Court by Movants on January 20, 2023 (hereafter the "Malpractice Adversary"). *See Kempes Jean, et al. v. Sari Kurland, et al. (In re Kempes Jean and Lori Lee Jean)*, Adv. No. 23-00017 (Bankr. D. Md.). The Debtor served as bankruptcy counsel for the Jeans in their underlying Chapter 7 bankruptcy case until she withdrew her appearance on June 10, 2021. *See In re Kempes Jean and Lori Lee Jean*, Case. No. 22-10883 (Bankr. D. Md.).

2.  On August 28, 2024, the Debtor filed a *pro se* voluntary petition for relief under Chapter 13 of the Bankruptcy Code in Case No. 24-17215.

3.  Despite the pendency of the Malpractice Adversary at the time she filed her petition in Case No. 24-17215, the Debtor did not list the Movants as creditors on the creditor matrix filed with her petition.[2] Nor did the Debtor disclose to Movants the existence of Case No. 24-17215. Debtor signed her petition in Case No. 24-17215 under oath.

4.  The Movants first learned of Case No. 24-17215 by happenstance at the outset of a mediation in the Malpractice Adversary that was scheduled to occur on November 1, 2024 but was

---

of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr. C. D. Cal. 2003) (internal citations and quotations omitted). Herein, the Chapter 7 Trustee and Jeans contend that there is both manifest injustice in not amending the Order of dismissal as requested, and that the circumstances reported herein on Debtor's contemptuous conduct represent newly discovered evidence which the Court did not have when it sua sponte entered the Order dismissing the present petition and case.

[2] Despite admonishment by the Court, and several extensions of time, the Debtor never filed Schedules, a Statement of Financial Affairs, or a Chapter 13 Plan in Case No. 24-17215, which ultimately led to the dismissal of the case, as discussed, *infra*. There is no evidence to support any other conclusion at this time but that Debtor filed Case No. 24-17215 for the purpose of invoking an automatic stay.

forced to be abandoned once the Debtor's bankruptcy filing came to light.[3] Shortly thereafter, the Jeans filed a *Motion to Nullify Automatic Stay and Request for Equitable Servitude of One Year* (the "*Motion to Nullify*"), to which the Chapter 7 Trustee joined. Brian Matthews, another creditor of the Debtor who was not provided with notice of the Debtor's Chapter 13 case (and who also is a plaintiff in a pending malpractice action against the Debtor), then filed a similar motion in Case No. 24-17215 asking the Court to impose a two (2) year bar on refiling.

5. On November 14, 2024, this Court entered an *Order* dismissing Case No. 24-17215 due to the Debtor's failure to properly prosecute the case but retained jurisdiction to adjudicate the motions by the Jeans and Mr. Matthews which sought further relief to bar the Debtor from refiling by virtue of an extension of 11 U.S.C. § 109(g)(1). *See, In re: Tomlin*, 105 F.3d 933 (4th Cir. 1997) (with prejudice may extend period of bar on refiling past 180 days).

6. On December 13, 2024, after the Debtor failed to oppose the motions by the Jeans and Mr. Matthews, this Court entered an *Order* in Case No. 24-17215 granting the *Motion to Nullify* and imposing a bar on the filing of any petition for relief under the Bankruptcy Code by or against the Debtor for the period of one (1) year thereafter – *i.e.*, through December 13, 2025 (hereafter "the *Bar Order*").

7. Less than a month later, on January 8, 2025, the Debtor commenced the instant case by filing, *pro se*, another voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

8. As she did in Case No. 24-17215, the Debtor in the instant case filed only a petition on January 8, 2025. She did not file Schedules, a Statement of Financial Affairs, or a Chapter 13

---

[3] Apparently, the Debtor also did not disclose the existence of Case No. 24-17215 to her own counsel in the Malpractice Adversary as her counsel was surprised at the mediation to learn that the Debtor had filed the aforementioned Chapter 13 petition some nine (9) weeks earlier.

3

Plan. She also did not list the Chapter 7 Trustee, the Jeans, or Brian Matthews on her creditor matrix in the instant case. She once again signed her petition in the present case under oath.

9. On January 10, 2025, this Court *sua sponte* entered its *Order Dismissing Case of Ineligible Debtor*, [Dkt. #8], which noted that Case No. 24-17215 "was dismissed with a one (1) year bar to refiling within one (1) year of the date of the filing of the petition in [the instant] case" and, therefore, this Court dismissed the instant case "as of the filing of the petition" herein. *Id*.

10. While the Chapter 7 Trustee is appreciative of the Court's swift action in dismissing the instant case, he respectfully submits that the dismissal of the instant case should be accompanied by an additional period of just over a one (1) year bar to refiling for relief with said bar to commence upon the expiration of the one-year bar previously imposed upon the Debtor in Case No. 24-17215. *See In re Tomlin*, 105 F.3d 933, 938 (4th Cir. 1997) ("the Bankruptcy Code provides a bankruptcy court with authority … to bar successive petitions under § 109(g)"). The easiest way to accomplish this is to simply enter an Order herein that bars the Debtor from a petition under Title 11 whether by voluntary or involuntary means for two (2) years from the date of dismissal of this present case.

11. However, the fact that Debtor did not respect the prior Order in Case No. 24-17215 and abide by led to an invocation of the automatic stay in the present case, which almost delayed mediation again which is set in the Malpractice Case for January 16, 2025[4]. Candidly, the Debtor engages in conduct which evinces an entire disregard for this Court's Orders as is demonstrated

---

[4] The Chapter 7 Trustee recognizes that 11 U.S.C. § 362(c)(3) would have only extended the automatic stay *in personam* to the Debtor for 30 days following the petition date in the present case; however, the interruption of ongoing mediation efforts by Debtor's contemptuous action of docketing this petition in the face of 11 U.S.C. § 109(g)(1) cost the Movants significant legal fees as solutions and potential actions were discussed almost hourly until the Bankruptcy Court acted *sua sponte* dismissing the petition in this case. Thus, a remedy under 11 U.S.C. § 109(g)(1) is not sufficient to deter abuse and to avoid undeserved harm to parties in interest. An extension of 11 U.S.C. § 362(c)(4) in effect for two (2) years from the date of the Order dismissing the petition herein is also warranted.

by her willful violation of the Order of dismissal in Case No. 24-17215.  What is required as a companion extension is the impact of 11 U.S.C. § 362(c)(4), which following the dismissal of two (2) cases within a year, will negate the automatic stay from arising. This provision should be extended in effect for two (2) years from the entry of the Order of dismissal herein that occurred along with the imposition of a bar on refiling for two (2) years under 11 U.S.C. § 109(g)(1) herein.

12. Here, there can be no dispute that the Debtor filed her petition in this case in complete and utter disregard of the Court's *Bar Order*. The Debtor clearly was aware of the *Bar Order*, having filed in Case No. 24-17215 a motion for reconsideration of the *Bar Order* roughly one (1) week before she filed her petition in the instant case without any companion motion to reopen Case No. 24-17215. Similarly, an experienced former bankruptcy counsel such as Debtor would know that a motion to shorten time is likewise required, but she failed to file one knowing that if she did not get her way by luck with the Court in Case No. 24-17215, she would then take another contemptuous path by filing this petition to willfully violate a Court order.

13. Thus, the Debtor's commencement of the instant case was not innocent or accidental, but willful and intentional.

14. The Debtor's willful disobedience of the *Bar Order* should not go unpunished as she has engaged in civil contempt of the *Bar Order*. "A civil contempt sanction, by contrast, is intended to benefit the complainant and is either (1) remedial, or (2) coercive. Civil contempt sanctions which are remedial or compensatory are backward-looking; they seek to compensate the complainant through the payment of money for damages caused by past acts of disobedience. Civil contempt sanctions which are coercive look to the future; they are designed to aid the complainant by bringing a defiant party into compliance with the court order." *In re Galleria Enters. of Md., Ltd.*, 102 B.R. 472 (Bankr. D. Md. 1989). Here coercive sanctions are warranted and merited and

they are necessary and appropriate to carrying out the provisions of Title 11. *See* 11 U.S.C. § 105(a). This Court has inherent authority to regulate its docket in addition to the authority provided by Fed. R. Bankr. P. 59(e) herein. Movants consent to the entry of final Orders by this Court.

15. To dismiss this case without the imposition of further and more meaningful sanction for coercive contempt likely will encourage, if not embolden, the Debtor to file yet another bankruptcy petition in blatant disregard of *Bar Order*. Perhaps this time it will be filed to interrupt the Malpractice Adversary or events stemming therefrom. Accordingly, the Chapter 7 Trustee respectfully submits that further sanctions are warranted to promote respect for the Court's decrees and to discourage the Debtor (and other unscrupulous debtors who might choose to emulate her) from engaging in a further abuse of the bankruptcy process.

16. And for the avoidance of doubt, the appropriate coercive sanction for Debtor's willful contempt is not merely an extension under 11 U.S.C. § 109(g)(1) this time for two (2) years from the date of dismissal Order herein but also a coextensive extension of the impact and effect of 11 U.S.C. § 362(c)(4) for two (2) years from the date of dismissal Order herein. There is no prohibition on the extension of the application of 11 U.S.C. § 362(c)(4) so that the automatic stay will not arise. *See e.g.*, Fed. R. Bankr. P. 9006(b).

17. Pursuant to Local Rule 9013-2, Movants state that no separate memorandum of law will be filed and that they will rely solely on this motion.

WHEREFORE, the Movants respectfully request that the instant motion be GRANTED and that the Court amend its *Order Dismissing Case of Ineligible Debtor*, [Dkt. #8], to include a two (2) year bar on refiling for relief under Title 11 of the United States Code from the date of the Order dismissing this case and a coextensive extension of the application of 11 U.S.C. § 362(c)(4)

so that the automatic stay will not arise, and that the Court grant the Movants such other and further relief as equity and justice may require.

                                                      Respectfully submitted,

SCHLOSSBERG | MASTRO

  /s/ Frank J. Mastro
Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Creditor,*
*Gary Rosen, Chapter 7 Trustee of the*
*Bankruptcy Estate of Kempes Jean*
*and Lori Lee Jean*

THE BURNS LAWFIRM, LLC

*/s/ John D. Burns*
John D. Burns, Esquire #22777
6305 Ivy Lane, Suite 340
Greenbelt, MD 20770
(301) 441-8780
info@burnsbankruptcyfirm.com
*Attorneys for Creditors,*
*Kempes Jean and Lori Lee Jean*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **15th** day of ***January 2025***, I served a copy of the foreging *Motion to Alter or Amend Order Dismissing Case to Impose Bar on Refiling for Two (2) Years for Civil Contempt and to Extend Application Of 11 U.S.C. § 362(c)(4) Coextensively for Willful Violation of Order Dismissing Prior Case Under 11 U.S.C. § 109(g)(1)* upon all parties listed on the attached *CM-ECF Mailing Information*:

    (a) via electronic mail to those individuals included on the *Electronic Mail Notice List* at those email addresses noted thereon;

    (b) via first-class mail, postage prepaid, to those individuals included on the *Manual Notice List* as follows:

        Sari Bloch
        211 Jersey Lane
        Rockville, MD 20850

Further, additional copies of the foregoing *Motion to Alter or Amend* were sent via first-class mail, postage prepaid, to:

    Office of the U.S. Trustee
    6305 Ivy Lane, Suite 600
    Greenbelt, MD 20770

                                                                /s/ Frank J. Mastro
                                                                 Frank J. Mastro